# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL BERRY,<br><br>                              Plaintiff,<br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                             Defendant. | Case No.: 16cv1700-MMA (AGS)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[Doc. No. 36] |

Young Cho, counsel for Gabriel Berry ("Plaintiff"), moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,400.00. *See* Doc. No. 36-1.[1] Andrew Saul, the Commissioner for Social Security, ("Defendant") takes no position on the reasonableness of counsel's request. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 37. For the reasons set forth below, the Court **GRANTS** Plaintiff's counsel's motion for attorneys' fees.

## BACKGROUND

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

On June 30, 2016, Plaintiff filed this social security appeal challenging the denial of his application for disability benefits. *See* Doc. No. 1. The parties filed cross-motions for summary judgment, and the assigned magistrate judge issued a well-reasoned Report recommending that the Court grant Plaintiff's motion. *See* Doc. Nos. 19, 22, 31. On September 6, 2017, the Court adopted the Report and Recommendation in its entirety and remanded the action to the Social Security Administration for further proceedings. *See* Doc. No. 32.

On remand, the administrative law judge found Plaintiff disabled within the meaning of the Social Security Act as of January 5, 2009. *See* Doc. No. 36-3 at 13, 14. On August 21, 2019, the Social Security Administration issued a Notice of Award, which acknowledged Plaintiff's past-due benefits amounted to $81,987.42. *See* Doc. No. 36-4 at 3. Plaintiff's counsel now moves for an award of $20,400.00 in attorneys' fees for representing Plaintiff in this action, with credit for the Equal Access to Justice Act ("EAJA") fees previously paid in the amount of $8,800.00, thus asking for certification of the net fee of $11,600.00. *See* Doc. No. 36-1, at 2, 8.

## **LEGAL STANDARD**[2]

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

---

[2] Plaintiff's counsel brings this motion pursuant to 42 U.S.C. § 1383(d)(2)(B), which governs the procedures surrounding fee awards. Doc. No. 36 at 1. In part, § 1383 provides that "[t]he provisions of section 406 of this title . . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter. . . ." 42 U.S.C. § 1383(d)(2)(A). Given this and the fact that counsel's motion also relies upon § 406, the Court construes counsel's motion as a request for § 406(b) fees. *See De La Cruz v. Astrue*, No. 1:08CV0782 DLB, 2012 WL 6136446, at *1 (E.D. Cal. Dec. 10, 2012).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[3]

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

On March 26, 2013, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered into a Social Security Representation Agreement ("Agreement"). Doc. No. 36-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *See* Doc. No 36-1 at 9; *see also* Doc. No. 36-2. The administrative proceedings became final in August 2019 when the Social Security Administration issued its Notice of Award. *See* Doc. No. 36-4. Plaintiff's counsel seeks a total award of $20,400.00 in attorneys' fees and "bases this fee

---

[3] The lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorneys' fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client.").

on 25% of the net payable past due benefits." Doc. No. 36-1 at 3. Counsel argues that the amount sought in the instant motion "falls within the range of reasonable" considering "counsel's firm expended 50.65 combined hours before the District Court from the two civil actions that were necessary to the eventual granting of benefits." *Id.* at 2. Additionally, if granted by the Court, this award would then be further reduced by the $8,800.00 that has already been received in attorneys' fees under the EAJA. *Id.*

As an initial matter, the Court notes a seeming discrepancy in the gross and net award sought. Counsel's notice of motion states that the *gross* fee is *$21,900.00*. Doc. No. 36 at 1. However, counsel's memorandum of points and authorities provides that the amount sought is *$20,400.00*. Doc. No. 36-1 at 2, 3, 4, 5, 6, 8. Counsel states that he seeks "a fee of $20,400.00 representing 25% of past due benefits." *Id.* at 6. Counsel represented Plaintiff "on a contingency fee basis of 25%." *Id.* at 9; *see also* Doc. No. 36-2 at 1. A fee award of $21,900.00 would exceed 25% in light of the $81,987.42 in past due benefits. Accordingly, the Court finds counsel's motion as one seeking attorneys' fees for $20,400.00.

Relatedly, counsel claims the *net* fee—after accounting for the $8,800.00 previously paid—is *$13,100.00* in his notice of motion and three times in the memorandum of points and authorities. Doc. No. 36 at 2; Doc. No. 36-1 at 6, 7. However, counsel's memorandum of points and authorities also claims twice that the net fee is *$11,600.00*. Doc. No. 36-1 at 2, 8. Given the discussion regarding the gross fee, *supra*, the Court finds the intended net fee sought is $11,600.00.

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel expended 50.65 hours on this case. Doc. No. 36-1 at 2; Doc. No 36-5 at 2, 4. The *de facto* hourly rate is $402.76, which falls on the low end of the range that has been approved by courts in similar cases, including this Court.[4] *See Crawford*, 586 F.3d at 1153 (approving *de facto*

---

[4] The *de facto* hourly rate is calculated by dividing the $20,400.00 fee request by 50.65 hours.

hourly rates of $519, $875, and $902 in 2009); *Martinez v. Berryhill*, No. 13-cv-272-JLS (JLB), 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52 and noting that "[w]hile such an hourly rate is on the higher end charged for social security appeals, the Court nonetheless concludes that the fee is reasonable in the present case."); *Richardson v. Colvin*, No. 15-cv-1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* hourly rate of $770); *Nash v. Colvin*, No. 12-cv-2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving *de facto* hourly rate of $656); *Sproul v. Astrue*, No. 11-cv-1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (approving *de facto* hourly rate of $800). Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. *See* Doc. No. 36-5. Moreover, "[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement," and the requested fee award of $20,400.00 does not exceed the 25% "statutory cap[.]" *Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018).

Finally, there is nothing in the record to suggest substandard performance by counsel, delay, or a disproportionate amount of time spent on this case relevant to the benefits at stake. As a result of counsel's work, Plaintiff received a highly favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorneys' fees is reasonable.

///
///
///
///
///
///
///
///

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's counsel's motion for attorneys' fees and **APPROVES** an award in the amount of $20,400.00 to the Law Offices of Lawrence D. Rohlfing, offset by $8,800.00 in EAJA fees previously received, resulting in **$11,600.00** payable to the Law Offices of Lawrence D. Rohlfing.

**IT IS SO ORDERED**.

Dated: November 27, 2019

Hon. Michael M. Anello
United States District Judge